**DISMISS and Opinion Filed July 1, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00264-CV

### IN THE INTEREST OF M.C. AND J.C., CHILDREN

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-10-03756-U**

## MEMORANDUM OPINION
Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Schenck

Appellant appeals from the trial court's October 12, 2016 Order on Notice of Changed Status signed by an IV-D associate judge. We questioned our jurisdiction over the appeal because appellant filed his notice of appeal over four years after the order was signed. At the Court's request, the parties filed letter briefs addressing our concern.

The record before the Court reflects that appellant did not timely request a de novo hearing from the referring court within three working days of the date of the IV-D associate judge's order. *See* TEX. FAM. CODE ANN. § 201.1042(b). In the absence of a timely request for a de novo hearing, the IV-D associate judge's proposed order automatically became the referring court's order by operation of law

on October 17, 2016. *See id.* § 201.1041(a); *Office of the Attorney Gen. of Tex. v. C.W.H.*, 531 S.W.3d 178, 182 (Tex. 2017). Under these circumstances, the notice of appeal was due November 16, 2016. *See* TEX. R. APP. P.26.1; *In re D.J.L.*, No. 05-10-00203-CV, 2010 WL 3636327, at *1 (Tex. App.—Dallas Sept. 21, 2010, no pet.) (calculating plenary power deadlines using date associate judge's proposed order became the order of the referring court by operation of law). Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b); *Brashear v. Victoria Gardens of McKinney, LLC*, 302 S.W.3d 542, 545 (Tex. App.— Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal is jurisdictional).

Although appellant filed several letter briefs, he fails to demonstrate this Court's jurisdiction over the appeal. Appellant asserts that this Court has jurisdiction to review the child support order because the trial court failed to make mandatory findings as to why it allegedly deviated from the child support guidelines. *See* TEX. FAM. CODE ANN. § 154.130(a)(3) (findings required when amount of child support ordered varies from amount computed by applying statutory percentage guidelines). That provision does not give this Court jurisdiction of an otherwise untimely appeal.

Additionally, appellant asserts that the associate judge committed fraud by signing an allegedly false and inaccurate order. In that circumstance, appellant further asserts, the deadline for filing an appeal should not apply. We disagree. Any alleged fraud does not render the deadline for filing a notice of appeal

–2–

inapplicable. The only circumstance in which the time to file a notice of appeal does not run from the date the judgment is signed is when a party does not get notice of the judgment. *See* TEX. R. APP. P. 4.2(a)(1), (b).

As noted above, this Court's jurisdiction is dependent upon a timely filed notice of appeal. *See* TEX. R. APP. P. 25.1(b); *Brashear*, 302 S.W.3d at 545. Appellant filed a notice of appeal on April 21, 2021, more than four years past the deadline. Because this Court lacks jurisdiction, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210264F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF M.C. AND
J.C., CHILDREN

No. 05-21-00264-CV

On Appeal from the 302nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-10-03756-U.
Opinion delivered by Justice
Schenck. Justices Reichek and
Carlyle participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered July 1, 2021